UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 21-CIV-82041-MIDDLEBROOKS/REINHART


BRENDA LAPLATTE,

                    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION

On November 6, 2021, Plaintiff, Brenda LaPlatte, with the assistance of counsel, filed a Complaint pursuant to the Social Security Act seeking judicial review of Defendant's denial of Ms. LaPlatte's application for disability benefits. ECF No. 1. For the reasons stated below, I recommend that this Complaint be **DISMISSED WITHOUT PREJUDICE** and that Defendant's Unopposed Motion for an Enlargement of Time (ECF No. 19) be **DENIED** as moot.

On March 23, 2022, I entered a Scheduling Order requiring Ms. LaPlatte to file her motion for summary judgment by May 24, 2022. ECF No. 13. On June 24, 2022, I granted Ms. LaPlatte's motion for extension of time to file her brief and ordered her to file her motion for summary judgment by July 8, 2022. ECF No. 18. By that same order, Defendant was required to file a cross-motion for summary judgment (the "Cross-Motion") by August 8, 2022. *Id.*

After the deadline for Ms. LaPlatte's motion for summary judgment passed, Defendant filed an unopposed motion for enlargement of time to file its Cross-Motion seeking to extend its deadline to file the Cross-Motion to thirty days after the filing of Plaintiff's motion for summary judgment. ECF No. 19. On July 28, 2022, I took Defendant's motion for enlargement of time to file its Cross-Motion under advisement, ordered Ms. LaPlatte to show cause why I should not recommend the District Judge dismiss her lawsuit for her failure to prosecute and failure to comply with the Court's Scheduling Order, and ordered Ms. LaPlatte to file her summary judgment motion and response to the Order to Show Cause by August 11, 2022. ECF No. 20. To date, Ms. LaPlatte has not filed her motion for summary judgment, sought an extension of time to file her motion, nor responded to the Court's Order to Show Cause.

A District Court may dismiss a case for lack of prosecution under its inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914 (11th Cir. 2018) ("Although the plain language of Rule 41(b) indicates that a defendant may move for dismissal, a district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket."). As Ms. LaPlatte has failed to file her motion for summary judgment by the extended deadline and failed to respond to this Court's Order to Show Cause, I recommend her case be dismissed for

failure to prosecute and failure to comply with this Court's Orders, and that any pending motions be denied as moot.

<u>**NOTICE OF RIGHT TO OBJECT**</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Donald M. Middlebrooks, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers this 12th day of October, 2022, at West Palm Beach in the Southern District of Florida.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE