## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-82041-cv-MIDDLEBROOKS/REINHART

BRENDA LAPLATTE,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,

    Defendant.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on a Report and Recommendation issued by Magistrate Judge Bruce E. Reinhart ("Report") on October 27, 2023. (DE 23). Plaintiff Brenda LaPlatte filed objections on November 6, 2023. (DE 34). The Defendant responded to the objections on November 20, 2023. (DE 35). The Report recommends affirming the final administrative decision, granting Defendant Kilolo Kijakazi's Motion for Summary Judgment, denying Plaintiff's Motion for Summary Judgment, and entering Final Judgment in Defendant's favor.

A district court conducts a de novo review of "those portions of the report and recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The factual findings that are not objected to are reviewed for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983). Here, Plaintiff raises five cursory objections to the Report. First, Plaintiff objects that there is "ample evidence" to support her claim. Second, Plaintiff states that she "continues to receive treatments for her ailments." Third, Plaintiff objects that Judge Reinhart erred by citing

instances in his Report where the examining medical professional retained by the Administration noted reduced headache symptoms and concluded that Ms. LaPlatte was "normal" when other reports show a steady history of reported headache ailments. Fourth, Plaintiff states that "a temporary improvement in her headache symptoms" is not adequate to show a "a degree of improvement that her consistent pain had subsided sufficiently enough" to resume her prior work as a bookkeeper. Finally, Plaintiff "maintains that the ruling of the Administrative Law Judge [("ALJ")] was improper."

"Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). Plaintiff's five cursory statements fail to "pinpoint the specific findings that [Plaintiff] disagrees with." For example, although she says there is "ample evidence to support her claim," Plaintiff fails to point to the findings in the Report that she disagrees with or the findings that the Magistrate disregarded that bolster her claim. Plaintiff does not cite any specific portion of the Report whatsoever.

However, to the extent that Plaintiff has adequately objected to the Report, I will interpret the objections as disagreeing with the finding that there was sufficient evidence to support the ALJ's conclusion that Ms. LaPlatte's headaches were not severe enough to prevent her from working. Therefore, my task at hand is to see if the record contained substantial evidence for such a finding. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997) ("We review the Commissioner's decision to determine if it is supported by substantial evidence and based upon

proper legal standards."). The ALJ credited the testimony belonging to Dr. Kanner, the state medical consultant, who examined Ms. LaPlatte. Dr. Kanner found that Ms. LaPlatte's physical limitations were within the normal range. "Absent the existence of 'good cause' to the contrary, however, the ALJ must give substantial weight to the opinion, diagnosis, and medical evidence of a treating physician." *Sullivan v. Comm'r of Soc. Sec. Admin.,* 353 F. App'x 394, 396 (11th Cir. 2009) (citing *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1159 (11th Cir. 2004); 20 C.F.R. § 404.1527(d)). "'Good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (citing *Phillips v. Barnhart,* 357 F.3d 1232, 1240-41 (11th Cir. 2004)) (internal brackets omitted). There was no good cause to disregard Dr. Kanner's opinions; the ALJ found that his conclusions were supported by multiple medical consultants who all agreed that Plaintiff can perform light work, as well as cook for herself, shop independently, manage her personal care alone, and perform a number of household chores. (*Id.* at 12).

Additionally, the ALJ cited substantial evidence discounting Plaintiff's subjective reporting of her headache symptoms. "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered her medical condition as a whole." *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005) (affirming ALJ's decision to reject claimant's subjective complaints because they were inconsistent with record evidence of ADLs, medications, and frequency with which claimant sought medical treatment) (internal quotations, brackets, and citations omitted). Here, the ALJ did not broadly reject Ms. LaPlatte's claims of her physical deficiencies; he found that Plaintiff's reported symptoms were inconsistent

3

with "the vast majority of the mental status evaluations in the record," which documented "completely normal neurological findings." (DE 1-5 at 11).

For these reasons, after having conducted an independent de novo review of the record, I agree with the Judge Reinhart's recommendation to affirm the ALJ's opinion.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) United States Magistrate Judge Bruce Reinhart's Report and Recommendations (DE 32) is **ADOPTED**.

(2) Defendant's Motion for Summary Judgment (DE 29) is **GRANTED.**

(3) Plaintiff's Motion for Summary Judgment (DE 28) is **DENIED.**

(4) The final administrative decision is **AFFIRMED.**

(5) Final Judgment will be entered by separate order.

**SIGNED** in Chambers in West Palm Beach, Florida, this 4 day of January, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record